UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEX A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-1228-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of application for Supplemental Security Income ("SSI"). Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinion evidence and discounting Plaintiff's allegations.[1] (Dkt. # 17 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1987, has a GED, and previously worked as a restaurant dishwasher

---

[1] Plaintiff also contends that the ALJ's residual functional capacity ("RFC") assessment fails to account for all of the limitations described in the discounted medical opinions (dkt. # 17 at 11-12), but this argument is enveloped in Plaintiff's challenge to the ALJ's assessment of the medical opinions and need not be addressed separately.

ORDER - 1

and retail store clerk. AR at 218, 253. Plaintiff was last gainfully employed in 2008. *Id.*

In March 2020, Plaintiff applied for benefits, alleging disability as of September 15, 2008. AR at 193-98. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 86-89, 92-95. After the ALJ conducted a hearing in May 2021 (*id.* at 31-55), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-25.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 2.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Erred in Discounting Plaintiff's Allegations**

The ALJ summarized Plaintiff's testimony about his symptoms and indicated that his allegations "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the objective evidence of record and other evidence[.]" AR at 20. The ALJ went on to summarize medical evidence (*id.* at 20-22), but this summary does not contain any identification of inconsistencies in Plaintiff's statements or between his statements and the evidence, and thus does not explain why the ALJ discounted Plaintiff's allegations. The ALJ's failure to provide clear and convincing reasons to discount Plaintiff's allegations is reversible error. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015) (ALJ failed to provide specific reasons, allowing for meaningful review, where "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination").

Although the Commissioner's brief contends that the ALJ provided three reasons to discount Plaintiff's allegations (dkt. # 18 at 10-11), that reasoning cannot be discerned from the text of the ALJ's decision. The Commissioner contends that the ALJ relied on evidence of improvement to discount Plaintiff's testimony, but the ALJ cited only evidence of short-lived improvement and did not find the evidence of improvement to be inconsistent with Plaintiff's allegations. For example, the ALJ noted that Plaintiff's mood symptoms improved with medication at times, but also emphasized that Plaintiff continued to report panic attacks, continued to avoid social situations, and continued to struggle with anxiety when leaving his house, even in the most recent treatment notes. AR at 21-22. The ALJ did not cite evidence of

ORDER - 3

improvement as a reason to discount Plaintiff's allegation of disabling anxiety and agoraphobia, contrary to the Commissioner's briefing.

The Commissioner also claims that the ALJ discounted Plaintiff's allegations due to the "presence of situational stressors." (Dkt. # 18 at 10.) The ALJ did, indeed, note that Plaintiff experienced suicidal ideation around the time that he ended a long-term relationship (AR at 21), but the ALJ did not find that Plaintiff's symptoms only flared during short-term, situational stress. As noted above, the ALJ emphasized that Plaintiff continued to experience panic attacks, social anxiety, and problems leaving his house, even when not experiencing a breakup. *Id*. at 21-22. Simply noting the presence of situational stressors at times does not equate to a finding that Plaintiff's allegedly disabling symptoms were linked to situational stress rather than his impairments.

Lastly, the Commissioner contends that the ALJ found Plaintiff's allegations to be uncorroborated by medical evidence. (Dkt. # 18 at 11.) The ALJ did cite some normal mental status examination findings (AR at 21-22), but Plaintiff alleged disability based on social anxiety, panic attacks, and agoraphobia, and it is not clear that the normal mental status examination findings cited pertain to those allegations.

Because the Court does not discern any clear and convincing reasons to discount Plaintiff's allegations in the ALJ's decision, the ALJ must reconsider Plaintiff's allegations on remand and either credit them or provide specific, legally sufficient reasons to discount them.

### B.     The ALJ Erred in Assessing the Medical Opinion Evidence

Plaintiff argues that the ALJ erred in failing to provide clear and convincing reasons to credit a State agency opinion, and in discounting the opinions of examining providers. The Court will address each disputed opinion in turn.

1.    *Legal Standards*

Plaintiff contends the ALJ erred in assessing the medical opinion evidence. Because Plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

2.    *Luci Carstens, Ph.D.*

Dr. Carstens examined Plaintiff in August 2015 and wrote a narrative report describing his symptoms and limitations. AR at 349-53. Dr. Carstens opined that Plaintiff would not have disabling cognitive limitations, but would have

> marked difficulty adapting to changes in a routine work setting due to his mental health challenges, which would also cause him to struggle to adapt his routine in a workplace setting to incorporate new functions or processes that are outside his comfort level. His social interaction would also be sever[e]ly limited due to his social anxiety.

*Id*. at 353.

The ALJ found this opinion unpersuasive because the examination "was long before the application date" and Dr. Carstens' opinion was not corroborated by her normal findings as to Plaintiff's grooming, hygiene, ability to remain seated, cooperation, thought process, eye contact, judgment, insight, and ability to track the conversation. AR at 22.

The ALJ failed to address the consistency of Dr. Carstens' opinion, as directed to do by regulation. Furthermore, although the ALJ did address the support for Dr. Carstens' opinion, he

listed normal findings that do not pertain to the disabling limitations she indicated, and also acknowledged that Dr. Carstens found Plaintiff to be highly anxious with constricted affect (AR at 22), which undermines the ALJ's finding that Dr. Carstens' opinion was unsupported. Lastly, the timing of Dr. Carstens' opinion does not constitute a reason to discount it, because Plaintiff claimed to be disabled years before Dr. Carstens' examination. Even if Plaintiff could not have received SSI benefits back to his alleged onset date, the period under adjudication nonetheless begins with his alleged onset date and evidence post-dating the alleged onset date is relevant evidence. *See, e.g.*, *Pacheco v. Berryhill*, 733 F. App'x 356, 360 (9th Cir. May 1, 2018) ("[E]vidence that predates that claimant's application date but postdates the alleged onset date is pertinent to the alleged period of disability.").

Because the ALJ failed to legitimately assess the support and consistency of Dr. Carstens' opinion, the ALJ must reconsider Dr. Carstens' opinion on remand.

### 3.  *Jenna Yun, Ph.D.*

Dr. Yun examined Plaintiff in January 2020 and completed a DSHS opinion describing his symptoms and limitations. AR at 355-67. The ALJ found unpersuasive the several marked limitations that Dr. Yun identified because they were not supported by objective findings, citing Dr. Yun's normal findings as to Plaintiff's grooming, hygiene, motor movements, speech, cooperation, eye contact, and fund of knowledge. *Id*. at 22. The ALJ acknowledged, however, that Dr. Yun also described Plaintiff with nervous mood, anxious/nervous affect, memory deficits, limited concentration, impaired judgment, and lack of insight. *Id*. The ALJ did not explain why Dr. Yun's abnormal findings did not support the limitations she described, and again, did not assess the consistency of Dr. Yun's opinion, as directed by regulation.

Accordingly, the Court finds that because the ALJ failed to legitimately assess the supportability and consistency of Dr. Yun's opinion, the ALJ must reconsider this opinion on remand.

### 4. *State Agency Opinions*

The ALJ found the State agency opinions (AR at 56-67, 69-84) persuasive because they were consistent with the record, but did not assess their supportability, as directed by regulation. *See id*. at 23. Furthermore, although the ALJ summarized treatment notes that were purportedly consistent with the limitations identified by the State agency consultants (*id*. at 23-24), the ALJ's conclusions do not always logically follow. For example, the ALJ found that Plaintiff

> generally exhibited intact insight and judgment; however, he was occasionally disheveled with limited insight and judgment. He testified that he has panic attacks when he has to leave his house and spends most of his time talking on the phone, reading, watching television, playing games on his phone, and performing various household chores such as cooking and laundry. Due to moderate limitations in his ability to adapt or manage himself, the undersigned finds that the claimant is limited to simple work related decisions in using his judgment and dealing with changes in the work setting.

*Id*. at 23-24. If the ALJ intended this finding to explain how the moderate adaptation limitations indicated by the State agency consultants were consistent with the record, this reasoning is neither legitimate nor complete because the ALJ does not explain how he accounted for the evidence that Plaintiff was occasionally disheveled with limited insight and judgment, and experiences panic attacks when he leaves the home. On remand, the ALJ shall reassess the consistency and supportability of the State agency opinions.

//
//
//
//

ORDER - 7

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's testimony, the medical opinions of Drs. Carstens and Yun, and the State agency opinions.

Dated this 11th day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge